**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000565**
**18-OCT-2019**
**08:37 AM**

NO. CAAP-19-0000565

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ANTHONY B. ARUDA and CORINNE S. ARUDA IN THEIR
CAPACITIES AS THE SUCCESSOR CO-TRUSTEES IN AND
UNDER THAT CERTAIN ALFRED ARUDA REVOCABLE LIVING
TRUST AGREEMENT DATED JULY 19, 1976; ANTHONY B.
ARUDA and CORINNE S. ARUDA IN THEIR CAPACITIES AS
THE SUCCESSOR CO-TRUSTEES IN AND UNDER THAT
CERTAIN MARY T. ARUDA REVOCABLE LIVING TRUST
AGREEMENT DATED JULY 19, 1976; LISA R. ARUDA
BROWN, TRUSTEE UNDER THAT CERTAIN UNRECORDED
LISA R. ARUDA BROWN REVOCABLE LIVING TRUST DATED
DECEMBER 3, 1991, Plaintiffs, v. HEIRS AND ASSIGNS
OF KAHANAPULE (w) also known as MALEKA/MAREKA (w);
HEIRS AND ASSIGNS OF LUAKA (w) also known as
LUAKAA (w); HEIRS AND ASSIGNS OF ENOKA KAUPENA
(k); HEIRS AND ASSIGNS OF KAHELEMAUNA KAUPENA (w)
also known as MAUNA KAUPENA (w) also known as
KAHELEMAUNA KANUHA (w) also known as KAHELEMAUNA
APAPAU; and Heirs of persons named above who are
deceased, or persons holding under said Heirs, and
spouses, assigns, successors, personal
representatives, executors, administrators, and
trustees of persons named above who are deceased;
STATE OF HAWAI'I; COUNTY OF MAUI; DEPARTMENT OF
HAWAIIAN HOME LANDS OF THE STATE OF HAWAI'I;
RONALD R. JACINTHO, SR., individually and as
Trustee for the Ronald R. Jacintho Trust;
MIRIAM M. JACINTHO individually and as the Trustee
of the Mariam M. Jacintho Family Exempt Trust and
as the Trustee of the Mariam Jacintho Family QTIP
Marital Trust and the following adjoining land
owners: MO'OLOA RANCH, LLC, a Delaware limited
liability company; ULUPALAKUA RANCH, INC., a
Hawai'i corporation, JOHN DOES 1-50; JANE DOES
1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS

1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL
UNITS 1-50, and all other persons unknown claiming
any right, title, estate, lien or interest in the
real property described and TO ALL WHOM IT MAY
CONCERN, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 16-1-0621(2))

ORDER GRANTING AUGUST 23, 2019 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Upon review of (1) the August 23, 2019 motion by
Plaintiff-Appellee Anthony B. Aruda and Corinne S. Aruda in their
capacities as the Successor Co-Trustees in and under that certain
Alfred Aruda Revocable Living Trust Agreement Dated July 19,
1976, Anthony B. Aruda and Corinne S. Aruda in their capacities
as the Successor Co-Trustees in and under that certain Mary T.
Aruda Revocable Living Trust Agreement Dated July 19, 1976, and
Lisa R. Aruda Brown, Trustee under that certain unrecorded
Lisa R. Aruda Brown Revocable Living Trust Dated December 3, 1991
(the Arudas) to dismiss the appeal in CAAP-19-0000565 for lack of
appellate jurisdiction, (2) the lack of any memorandum by
Defendant-Appellant King Kamehameha VII, Niʻi Loa Moe~Kapu (Niʻi
Loa Moe~Kapu), self-represented, in opposition to the Arudas'
August 23, 2019 motion, and (3) the record, it appears that we
lack appellate jurisdiction.

Pursuant to Hawaii Revised Statutes (HRS) § 641-1(a)
(2016) and Rule 58 of the Hawaiʻi Rules of Civil Procedure
(HRCP), an aggrieved party may appeal from a civil circuit court
case "only after the orders have been reduced to a judgment and
the judgment has been entered in favor of and against the
appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v.
Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d
1334, 1338 (1994). "[A]n appeal from any judgment will be
dismissed as premature if the judgment does not, on its face,
either resolve all claims against all parties or contain the

2

finding necessary for certification under HRCP [Rule] 54(b)."
Id. (original emphasis).

On April 11, 2018, the circuit court entered an order dismissing Ni'i Loa Moe~Kapu as a party from this case. It appears that the circuit court reduced the April 11, 2018 dismissal order, as well as other dispositive orders, to an appealable final judgment by entering a June 27, 2018 HRCP Rule 54(b)-certified judgment (June 27, 2018 Judgment). In the June 27, 2018 Judgment, the circuit court (1) entered judgment in favor of the Arudas' and against all of the multiple defendants as to Count 1 and Count 2 of second amended complaint, and (2) dismissed Count 4 of the second amended complaint. No party timely appealed from the June 27, 2018 Judgment.

Instead, on April 11, 2019, Ni'i Loa Moe~Kapu filed two non-conforming motions that appear to seek post-judgment relief under HRCP Rule 60(b) from the April 11, 2018 dismissal order. On April 22, 2019, the circuit court entered a post-judgment order that struck, and, in effect, denied Ni'i Loa Moe~Kapu's two April 11, 2019 motions for post-judgment relief, leaving nothing further for the circuit court to accomplish with respect to those motions. "An order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Ditto v. McCurdy, 103 Hawai'i 153, 160, 80 P.3d 974, 981 (2003) (citation omitted). Therefore, the April 22, 2019 order was an appealable final post-judgment order pursuant to HRS § 641-1(a). Ni'i Loa Moe~Kapu did not file his August 9, 2019 notice of appeal within thirty days after entry of the April 11, 2019 order, as Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1) requires for a timely appeal. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial

3

discretion.  <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b).

Therefore, IT IS HEREBY ORDERED that the Arudas' August 23, 2019 motion to dismiss is granted, and CAAP-19-0000565 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawai'i, October 18, 2019.


Presiding Judge


Associate Judge


Associate Judge

4